UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

CIVIL ACTION NO. 09-CV-134-JMH

SHEILLA GLOVER-BRYANT,                                    PLAINTIFF,

VS:                          **MEMORANDUM OPINION AND ORDER**

OFFICER UPTAGRAFT, et al.,                               DEFENDANTS.

\*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*

Sheilla Glover-Bryant, an individual currently in the custody of the Bureau of Prisons and incarcerated in the Waseca Federal Correctional Institution in Waseca, Minnesota, has submitted a prisoner *pro se* Complaint asserting civil actions pursuant to 28 U.S.C. § 1331 and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2672, *et seq*. She complains of an event allegedly occurring during her previously incarceration at the Atwood Prison Camp, in the Federal Medical Center ("FMC")-Lexington, in Lexington, Kentucky. Her accompanying Motion to Proceed *in forma pauperis* was granted by separate Order.

The Complaint is now before the Court for initial screening. 28 U.S.C. § 1915; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997). In the Court's screening, as with all pleadings submitted by *pro se* litigants, the pleading is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190

F.3d 708, 715 (6th Cir. 1999).  During screening, the allegations of the *pro se* litigant are taken as true and liberally construed in his or her favor.  *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).  However, the Court must dismiss a case at any time if it determines the action is frivolous, malicious, or fails to state a claim upon which the Court may grant relief.   28 U.S.C. § 1915(e)(2)(B).

## CLAIMS

Plaintiff claims that a prison officer searched her improperly, in public, in violation of her rights under the Eighth Amendment of the U.S. Constitution and Bureau of Prisons ("BOP") Policy Statement ("PS") 5521.05.

## DEFENDANTS

As the Defendants, Plaintiff names the BOP's Officer Uptagraft, Lt. Anderson and Lt. Quinn.

## RELIEF SOUGHT

Plaintiff seeks damages.

## FACTUAL ALLEGATIONS

Plaintiff has submitted a completed form complaint on which she has typed the following as her Statement of Claim:

> On Oct. 3, 2006, at or about 9:40 pm as I was sitting outside with another inmate, I was randomly searched by Officer Uptagraft during this search I "was made to expose my bare breasts outside in plain view of other officers and inmates." I then filed a grievance against the officer and was then retaliated against by being subjected to numerous searches and shakedowns and was

2

constantly harrassed [sic] by staff. . . .

Record No. 2 at page 4.

Plaintiff has attached copies of documents which were exchanged in her pursuit of this matter administratively with the BOP, including appeals to the warden and the BOP Regional Director and their responses in Administrative Remedy No. 442010. She does not attach her appeal to the last level of appeal, the BOP's National Office, however. Rather, she admits in her Complaint that she did not appeal to that office.

Glover-Bryant also supplies copies of the Standard Form 95 claim form which she submitted claiming negligence under the FTCA, and the BOP's response to that claim. By letter dated October 21, 2008, the BOP wrote, "An investigation into this your [sic] allegations were unfounded and the case was found to not be sustained. Based on the above information, your claim is denied."

## DISCUSSION

The Court begins with whether the prisoner-Plaintiff has satisfied a pre-condition to filing a lawsuit against her custodians.

### Constitutional Claim

To the extent that Plaintiff urges a claim under the Constitution herein, she has clearly not met a prisoner's pre-condition to filing a lawsuit, *i.e.*, exhaustion of the BOP's administrative remedy program. As of April 26, 1996, the effective

3

date of the Prison Litigation Reform Act of 1995 ("PLRA"), 110 Stat. 1321-71, Congress imposed a pre-condition on prisoner-plaintiffs, requiring that they must have exhausted "such administrative remedies as are available" to them, prior to filing a lawsuit. 42 U.S.C. § 1997e(a).

For federal prisoners complaining of any events, issues, or conditions regarding their incarceration, the administrative remedies available to BOP prisoners are provided in a 4-tiered administrative remedy scheme. *See* 28 C.F.R. §§ 542.10-.19 (1998). Specifically, 28 C.F.R. § 542.13(a) demands that an inmate "shall first present an issue of concern informally to staff . . . before an inmate submits a Request for Administrative Remedy," thereby completing the first tier and providing BOP staff with an informal opportunity to correct the problem or grievance, before the prisoner files a formal request for an administrative remedy.

If the matter not informally resolved, then the prisoner must appeal by submitting a formal written Administrative Remedy Request, on the appropriate form (BP-9 form). 28 C.F.R. § 542.14. If the inmate is not satisfied with the Warden's response, he or she may appeal (BP-10) to the Regional Director. If the prisoner is not satisfied with the Regional Director's response, then the inmate may appeal (BP-11) to the Office of General Counsel. *See* § 542.15 (a).

The Supreme Court of the United States has held that the law

4

requires not only exhaustion of the available administrative remedy process, but *proper* exhaustion of that administrative remedy process. *Woodford v. Ngo*, 548 U.S. 81 (2006). The Court stressed that the benefits of exhaustion "can be realized only if the prison grievance system is given a fair opportunity to consider the grievance." *Id.* at 95. That cannot happen "unless the grievant complies with the system's critical procedural rules." *Id.* Proper exhaustion, therefore, includes "compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90. Further, the law since 1997 has developed that a prisoner's complaint which shows on its face that relief is barred, may be dismissed, *sua sponte*, at the screening stage. *Jones v. Bock*, 549 U.S. 199, 216-17 (2007).

In the case *sub judice*, the Plaintiff has admitted on the face of her Complaint that she did not appeal to the last level of appeal, the National Office. Accordingly, she did not exhaust the administrative remedy scheme available to her as a BOP inmate, and her civil rights claims for damages from the named Defendants must, therefore, be dismissed for this reason.

### FTCA Claim

The Supreme Court of the United States has specifically held that the FTCA applies to federal inmates' claims alleging personal injuries sustained while incarcerated because of the negligence of government employees. *See United States v. Muniz*, 374 U.S. 150

5

(1963).

The FTCA also requires exhaustion of administrative remedies prior to adjudicating a claim in federal court, a requirement that is demanded of every FTCA claimant, not just prisoners. *See* 28 U.S.C. § 2675(a); 28 C.F.R. § 543.30 *et seq.*; *Tinker-Bey v. Meyers*, 800 F.2d 710 (7th Cir. 1986). Filing a standard Form 95 claim with the federal agency, in this case the Bureau of Prisons, satisfies the presentment requirement under 28 U.S.C. § 2675(a); *see Conn v. United States*, 867 F.2d 916, 918 (6th Cir. 1989).

In order to exhaust a claim under the FTCA, a potential plaintiff needs only to submit to the agency (1) a written notice of the claim against the government within the statutory period and (2) a value which the prisoner has placed on his or her claim. *Douglas v. United States*, 658 F.2d 445, 447-48 (6th Cir. 1981). Because the instant Plaintiff has submitted her completed Form 95, the BOP denied the claim, and she filed the instant lawsuit within six months of the BOP's denial, her negligence claim has been exhausted.

Another of the FTCA's unique features is that it requires that the United States is the only proper defendant. 28 U.S.C. §§ 1346(b), 2401(b), 2679(a); *Allgeier v. United States*, 909 F.2d 869 (6th Cir. 1990); *Allen v. Veterans Admin.*, 749 F.2d 1386, 1387 (9th Cir. 1984). When *pro se* plaintiffs name individuals as defendants rather than the United States, as herein, the courts have construed

6

such claims as being against the United States. *See McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992).

Accordingly, to the extent that the instant Plaintiff has claimed negligence on the part of federal employees within the BOP and has demonstrated exhaustion of the FTCA administrative process, the United States will be required to respond to her Complaint.

CONCLUSION

Accordingly, the Court being advised, it is hereby **ORDERED** as follows:

(1) The following are **DISMISSED**, *sua sponte*, for the Plaintiff's failure to exhaust the administrative remedy process: the Plaintiff's Constitutional claims pursuant to 28 U.S.C. § 1331 and Defendants Uptagraft, Anderson, and Quinn.

(2) The Clerk of the Court shall prepare and issue a summons for the United States to respond to the Complaint and its attachments [Record No. 2]; in addition to the summons, the Clerk shall make 3 copies of the summons and mark one to be served on the United States Attorney General; one to be served on the United States Attorney for the Eastern District of Kentucky; and one to be served on the Federal Bureau of Prisons.

(3) The Clerk shall also prepare as many copies of the Complaint as there are summonses and any required USM Forms 285 and attach a copy of the Complaint and any USM documents to each of the summons copies. If insufficient information exists to sufficiently

7

or effectively complete any summons or USM Form 285 regarding the Defendant, the Clerk shall promptly make a Clerk's entry on the docket stating why the Clerk cannot fill out the summons or USM Form 285 or any other documents necessary to effectuate service.

(4)     After the Clerk's office has prepared three sets of documents, each set consisting of a copy of the summons, a copy of Plaintiff's Complaint, a copy of this Order,  a copy of USM Forms 285 and/or any other documents necessary to effectuate service, the Clerk shall hand deliver said documents to the United States Marshal's Office.

The Deputy Clerk making the delivery to the Marshal's Office shall enter a notice of the time and fact of the delivery into the instant record.

(5)  The United States Marshal ("USM") shall serve one set of the copies of the summons, Complaint, and this Order on each of the following: the United States Attorney General in Washington, D.C., and on the United States Attorney for the Eastern District of Kentucky, and on the Federal Bureau of Prisons, all service to be made by certified mail, return receipt requested.

(6)     The United States Marshal shall make a return report to the Court of whether the summons is executed or is still unexecuted within forty (40) days of the date of entry of this Order.

(7)  The Plaintiff shall keep the Clerk of the Court informed

8

of her current mailing address.  **_Failure to notify the Clerk of any_** **_address change may result in a dismissal of this case_**.

(8)  For every further pleading or other document she wishes to submit for consideration by the Court, Plaintiff shall serve upon the Defendant, or, if appearance has been entered by counsel, upon the attorney, a copy of the pleading or other document.  The Plaintiff shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to Defendant or counsel.  **If a District Judge or Magistrate Judge receives any** **document which has not been filed with the Clerk or which has been** **filed but fails to include the certificate of service of copies,** **the document will be disregarded by the Court.**

This the 12th day of May, 2009.



Signed By:

_Joseph M. Hood_

Senior U.S. District Judge