Not Recommended for Publication or Citation

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 09-CV-134-JMH

SHEILLA GLOVER-BRYANT,                                        PLAINTIFF,

VS:                 **MEMORANDUM OPINION AND ORDER**

OFFICER UPTAGRAFT, et al.,                           DEFENDANTS.

\*\*\*\*\*     \*\*\*\*\*     \*\*\*\*\*

This matter is before the Court on the Defendants' Motion for the Court to dismiss this action or grant summary judgment to the United States. For the reasons to be discussed below, the Motion will be granted.

**BACKGROUND**

Sheilla Glover-Bryant was in the custody of the Federal Bureau of Prisons ("BOP") and incarcerated in the Waseca Federal Correctional Institution, in Waseca, Minnesota, when she submitted the instant *pro se* Complaint describing an event allegedly occurring during her incarceration at the Atwood Prison Camp, which is in the Federal Medical Center, a BOP facility in Lexington, Kentucky. She claimed jurisdiction pursuant to 28 U.S.C. § 1331 and the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) ("*Bivens*"); and pursuant to 28 U.S.C. §§ 1346(b), 2671-2680, *i.e.*, the Federal Tort Claims Act

("FTCA"). After granting the Plaintiff's Motion to Proceed *in forma pauperis*, the Court screened her Complaint. In its May 12, 2009, Screening Order, the Court summarized her factual allegations and legal claims. She alleged that a female prison officer, named Uptagraft, searched her improperly, directing her to lift her shirt and bra and expose her bare breasts in a public area. The following is Glover-Bryant's statement of the relevant facts:

> On Oct. 3, 2006, at or about 9:40 pm as I was sitting outside with another inmate, I was randomly searched by Officer Uptagraft during this search I "was made to expose my bare breasts outside in plain view of other officers and inmates." I then filed a grievance against the officer and was then retaliated against by being subjected to numerous searches and shakedowns and was constantly harrassed [sic] by staff. . . .

Record No. 2 at page 4. Plaintiff claimed that the event violated her rights under the Eighth Amendment of the U.S. Constitution, duly promulgated regulations, and the BOP's Policy Statement ("P.S."), No. 5521.05.

Plaintiff alleged that this was especially traumatic for her because she has scars on her breasts. Also, watching another inmate, who was with her, undergo the same improper search purportedly "triggered me to have flashback [sic] about the abuse I had to endure as a child." The Plaintiff alleges that she still has flashbacks and anticipates she will need psychological counseling in the future.

Glover-Bryant has named as the Defendants not only Uptagraft, but also two other BOP officers at the Federal Medical Center

2

("FMC")-Lexington, Lieutenants Anderson and Quinn. She alleges that they promised to stop the other BOP employees' subsequent harassment of Plaintiff if she would stop her grievance against Uptagraft. However, after she dropped the administrative proceedings with regard to Uptagraft, these two Defendants reneged on their promise. Glover-Bryant states that she then had to begin the grievance process all over again.

With regard to the relief requested from the three individually named Defendants, the Plaintiff has written that she wants damages, explaining as follows:

> monetary compensation for the pain and ongoing suffering in the amount that would cover psychological help and allow the defendant adequate relief to try to move on after being released from prison.

*Id.* at 8.

In support of her claims, Glover-Bryant has attached to her Complaint, the declaration of another female prisoner who witnessed Uptagraft's visual search of the Plaintiff. Plaintiff has also provided copies of documents which were exchanged when she complained about the officer's conduct through the BOP administrative remedy process initially and in her re-filing of a second grievance about her. These exhibits show that Glover-Bryant appealed the second grievance through several levels of that multi-level process. Repeatedly, the response was that an investigation found no support for her claims. These administrative documents also show that she pursued appeals up to the next-to-last level of

3

the process, that of the BOP's Regional Director.

As the last of her exhibits, Glover-Bryant has attached copies of the FTCA Standard 95 claim form which she had submitted as an administrative pre-condition for claiming negligence by government employees.  In its response, by a letter dated October 21, 2008, the BOP concluded that "[a]n investigation into this your [sic] allegations were unfounded and the case was found to not be sustained.  Based on the above information, your claim is denied."

In the Screening Order, this Court noted that the Plaintiff had admitted in the Complaint that she did not appeal any grievance to the final level, *i.e.*, the National Office.  *See* 28 C.F.R. §§ 542.10-542.19.[1]  Accordingly, the Court dismissed the *Bivens* claims, including her retaliation claims, for lack of exhaustion of the administrative scheme prior to filing suit.  42 U.S.C. § 1997e(a).  However, since the FTCA claim was denied, an agency letter denying the claim proved exhaustion, and this case was timely filed thereafter, Plaintiff's negligence claim could go forward.

Noting that one of the FTCA's unique features is the requirement that the United States is the only proper defendant, the Court had a further reason to dismiss the individually named Defendants.  The Court then directed the issuance of summons on the

---

[1] As of this date, Plaintiff has not indicated that she has appealed the grievance to the National Office.

4

United States of America.  The Defendant has now responded with the instant dispositive Motion.

### DEFENDANT'S MOTION

The United States, by Assistant United States Attorney, has moved for dismissal or in the alternative, for summary judgment, with regard to the sole remaining claim, *i.e.*, the FTCA negligence claim, on two grounds.

The United States' first argument is that the claim should be dismissed for lack of subject matter jurisdiction under the terms of the legislation itself.  The FTCA waives governmental immunity for the negligence of federal employees only if they were acting in the scope of their employment.  The government reasons that Uptagraft was not employed to conduct visual searches in the open but in more private circumstances.  In conducting a visual search outside with others present, the officer was not acting within the scope of her employment.  Therefore, the FTCA cannot impose liability on the employer.  Second, the action should be dismissed because the prisoner-Plaintiff seeks compensation for only emotional or mental injuries, and suits for these injuries are barred by 42 U.S.C. § 1997e(e).

As to the first of these defenses, the United States attaches to its Motion, the provisions of P.S. 5521.05, *Searches of Housing Units, Inmates, and Inmate Work Areas*, and the declaration of Captain B.J. Johnson, of FMC-Lexington, who is responsible for the

5

safety and security of inmates at the Lexington prison. He explains that "[t]he female satellite camp is adjacent to the main FMC Lexington male facility, so the passing of contraband between male and female inmates over the fences of the main facility sometimes occurs." For this reason, both pat searches and visual searches are employed to check for contraband.

Referencing the program statement and quoting from the pertinent regulation, the Captain declares that visual searches, such as the one described by Plaintiff, are required to be conducted "in a manner designed to assure as much privacy to the inmate as practicable." 28 C.F.R. 552.11(c)(1), *Visual Search*. He argues that the complained-of search in this case was very public and clearly not conducted to assure privacy. If Officer Uptagraft did as the Plaintiff alleges herein, then she was not acting within the scope of her employment, and hence, the FTCA does not cover her actions.

As to the second ground for dismissal, the Defendant sets out the provisions of 42 U.S.C. § 1997e(e), which bars prisoner lawsuits for emotional injuries unless there was a physical injury. The government also attaches copies of several unpublished cases from the United States Court of Appeals for the Sixth Circuit, wherein the appellate courts affirmed District Courts' dismissals of prisoner claims for emotional and psychological injuries on the ground that Section 1997e(e) bars them if there is no physical

6

injury.

## Plaintiff's Response

The *pro se* Plaintiff has responded in opposition to the Defendant's Motion, primarily arguing that Officer Uptagraft's conduct occurred during the course of her BOP employment, which included the duty of searching inmates; therefore, the officer's employer, the United States, should be held liable for her improper search. Further, the FTCA itself provides for recovery for such actions by a guard in 28 U.S.C. § 2680(h). In fact, she insists that the FTCA is the only recourse available to prisoners. Glover-Bryant also points out that the Defendant does not deny that the alleged actions took place, and she reminds the Court that she had pled a *Bivens* cause of action, as well as one under the FTCA.

Glover-Bryant states that in her view an emotional or mental trauma can be far worse than a physical injury which could have arisen from the complained-of incident. The Plaintiff also points to her gender, claiming that women are more susceptible to abuse and therefore, are more likely to suffer more terrible mental and emotional injuries. Therefore, she asks that the Court not dismiss this action, but decide it on the merits and determine the "damage done to an already damaged individual."

## DISCUSSION

The Court begins with the principle that federal courts do not have jurisdiction to consider actions for monetary damages against

7

the United States unless sovereign immunity has been waived. *United States v. Mitchell,* 463 U.S. 206, 212 (1983). It is in the FTCA that Congress waived the sovereign immunity of the United States government and conferred subject matter jurisdiction on the federal district courts to hear tort actions against the federal government for the negligence of its employees. Liability is limited to cases in which "a private individual [would be liable] under like circumstances." 28 U.S.C. § 2674.

### Scope of Employment Issue

In relevant part, the FTCA specifically authorizes suits against the United States government to recover damages

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of *any employee of the Government while acting within the scope of his office or employment*, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1) (emphasis added). The FTCA provides the exclusive remedy for tort actions against the federal government, its agencies, and employees. 28 U.S.C. § 2679; *Ascot Dinner Theatre v. Small Business Admin.*, 887 F.2d 1024, 1028 (10th Cir. 1989).

Federal prisoners are included as possible plaintiffs in FTCA cases, as case law already cited herein demonstrates. *United States v. Muniz,* 374 U.S. 150 (1963); *see also Sosa v. Alvarez-Machain,* 542 U.S. 692, 700 (2004). "As a general rule, domestic

liability on the part of the federal government under the Federal Tort Claims Act is determined in accordance with the law of the state where the event giving rise to liability occurred. 28 U.S.C. §§ 1346(b) § 2674; *Friedman v. United States*, 927 F.2d 259, 261 (6th Cir. 1991) . . . ." *Young v. United States*, 71 F.3d 1238, 1242 (6th Cir. 1995).

Therefore, the law of Kentucky must be applied in this case. In *Flechsig v. United States*, 786 F.Supp. 646 (E.D. Ky. 1991)(Forester, J.), this Court examined Kentucky agency law and ultimately held that a BOP guard was not acting within the scope of his employment when he took a female prisoner, whom he was escorting to a medical appointment, to his home and sexually assaulted her. *Id.* at 649. Therefore, for this reason, *inter alia*, the District Court dismissed the FTCA action for lack of subject matter jurisdiction, a ruling which was affirmed on appeal. *Flechsig v. United States*, 991 F.2d 300 (6th Cir. 1991).

The Court has considered the *Flechsig* rationale and result. If the allegations herein are true, then this case, like *Flechsig,* involves a BOP officer using the duties of the job to take advantage of a prisoner over whom he/she has a position of power. Whether the United States, under the FTCA, should be liable for Officer Uptagraft's actions is a question which requires a close analysis of Kentucky agency law like that in *Flechsig*. *Id.* at 303 (comparing *Southeastern Greyhound Lines v. Harden's Adm'x*, 136

9

S.W.2d 42 (Ky. App. 1940), with *Fournier v. Churchill Downs-Latonia, Inc.*, 166 S.W.2d 38 (Ky. App. 1942)).

This Court has used the FTCA analysis in *Flechsig* in recent years. *See, e.g., Clay v. United States*, 2006 WL 2711750 (E.D. Ky. 2006) (not reported) (Caldwell, J.). However, both *Flechsig* and *Clay* involved assaults which are easily seen as intentional and outside the scope of the offending officer's duties. In each of these cases, the complained-of act satisfied the guards' desires but cannot be said to have served the interests of the employer, the BOP. In this case, however, conducting a visual search a prisoner for contraband was an act which the guard was employed to do and it benefitted her employer, but she did it improperly. Therefore, application of the *Flechsig* rationale in this case could result in BOP liability under the FTCA.

Also, the Plaintiff points to 28 U.S.C. § 2680(h) as providing FTCA coverage in the circumstances she describes. Glover-Bryant is not assisted by this portion of the statute, however. It is true that Congress has exempted certain categories of claims from the FTCA waiver of liability in what is known as the "intentional tort exception." The relevant statute, 28 U.S.C. § 2680, *Exceptions*, consists of subsections (a)-(n), one of which provides as follows:

> The provisions of this chapter and section 1346(b) of this title shall not apply to-
> . . . .
> (h) *Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or*

> *interference with contract rights*: **Provided, That, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply** to any claim arising, on or after the date of the enactment of this proviso, out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution. For the purpose of this subsection, **"investigative or law enforcement officer" means any officer of the United States who is empowered by law to execute searches**, to seize evidence, or to make arrests for violations of Federal law.

28 U.S.C. § 2680(h) (emphasis added). The intentional torts italicized above are therefore, do not subject the government to liability. Thus, there was no FTCA liability for the assault in *Flechsig*.

Law enforcement officers, in bold letters above, are excepted from the statutory exceptions under certain conditions.[2] *See Ali v. Federal Bureau of Prisons*, 552 U.S. 214 (2008) (A BOP employee is a law enforcement officer for purposes of Section 2680(c)). A BOP guard, therefore, can commit acts incurring liability on the part of the United States – but only if that federal officer committed one of the torts listed in the proviso sentence of Section 2680(h), *i.e.*, assault, battery, false imprisonment, false

---

[2] Although the FTCA did not originally provide a cause of action for an assault by a law enforcement officer when it was first enacted in 1946, on March 16, 1974, Congress amended the FTCA to include a cause of action thereunder "for such acts by a law enforcement officer performed during the course of a search, seizure, or arrest. This amendment expanded the protection afforded by the FTCA." *Flechsig*, 786 F.Supp. at 648. The part of the District Court's *Flechsig* opinion which limited the covered claims to acts of law enforcement officers committed only in "a search, seizure, or arrest," was not affirmed on appeal, because the other two grounds for dismissal, including the fact that the assault was not within the scope of the employee's employment, were "an adequate basis for dismissal of the case." *Flechsig*, 991 F.2d at 302.

arrest, abuse of process, or malicious prosecution. *See McLittle v. United States*, 2005 WL 2436714, *4 (W.D.Tenn. 2005) (unreported). The instant Plaintiff has not alleged any of these torts. She complains of only an improper visual search, not an assault or any of the other torts listed in the middle of the statute. This would militate against FTCA coverage.

The Court, however, chooses not to spend more time in the analysis of FTCA applicability. Even were the FTCA interpreted to impose liability for Officer Uptagraft's actions on the United States, Plaintiff could not succeed herein, as the relief requested is barred.

### Emotional Injuries

The Defendant's second defense decides the matter. Nowhere does Glover-Bryant allege a physical injury in connection with the improper visual search or the flashback aftermath. Since April 26, 1996, 42 U.S.C. § 1997e has provided in pertinent part as follows:

> . . . .
> (e) Limitation on recovery
>
> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C.A. § 1997e(e). Glover-Bryant has written in her Complaint that she seeks to recover "monetary compensation for the pain and ongoing suffering." Record No. 1.

To date, however, the instant Plaintiff has not alleged a

physical injury – not in her grievance, nor her FTCA claim form, nor her Complaint, nor her Response to the instant Motion. Plaintiff continues to allege the grievous nature of her trauma and her emotional state, but it is damages for just such invisible injuries which Congress has chosen to preclude in prisoner lawsuits. Glover-Bryant does not try to distinguish her circumstances from that of the Plaintiff in the *Adams* case, which is attached to the Defendant's Motion. In *Adams v. Rockafellow*, 66 Fed.App'x. 584, 586 (6th Cir. 2003) (unpublished), a panel of the Sixth Circuit held that the Plaintiff's civil rights complaint about two strip searches did not include a physical injury and so Section 1997e(e) precluded the claim. The government seeks the same result herein.

One of the other Sixth Circuit cases which the United States attached to its Motion rose from this Court. In *Donald Lynn Taylor v. United States*, 161 Fed.Appx. 483 (6th Cir. 2005) (unpublished), this Court had dismissed the prisoner's emotional distress claims under Section 1997e(e). The appellate court in this circuit noted that the majority of courts ruling on the issue found the statute applicable to bar all emotional or mental claims in all prisoner lawsuits where there is no physical injury. The Sixth Circuit acknowledged that it had not ruled on the scope of Section 1997e(e) in a published case. However, it then affirmed this Court's dismissal without ruling on the issue. Because dismissal was

13

appropriate for the Plaintiff's failure to exhaust his administrative remedies before filing suit, reaching the Section 1997e(e) issue was "not necessary." *Id.* at 286-87.

Another district court in this circuit has also studied the case law flowing from Section 1997e(e). In *Jackson v. Smith*, 2006 WL 118284, *4 (W.D. Mich. 2006), the Court was presented with a prisoner who had feared reprisal from a guard after he saw the guard verbally abuse a librarian who had stood up for the prisoner. The prisoner had an anxiety attack, for which he sought medical attention. When the prisoner filed suit and the government defended with Section 1997e(e), the Court summarized the law in the Sixth Circuit as follows:

> . . . The Sixth Circuit has repeatedly held that Eighth Amendment claims for monetary relief based on mental or emotional injury are precluded by § 1997e(e) absent a showing of physical injury. *See, e.g., Jarriett v. Wilson*, 414 F.3d 634, 640 (6th cir. 2003) . . . *Jennings v. Mitchell*, 93 F. App'x. 723, 725 (6th Cir. 2004) (finding that prisoner who suffered the discomfort of pepper spray had shown only *de minimis* injury); *Corcetti v. Tessmer*, 41 F.App'x 753, 755 (6th Cir. ) (finding two small bruises and minor cuts were *de minimis* injuries) . . . . Plaintiff's single episode of upper gastric discomfort clearly cannot be considered more than a *de minimis* physical injury. Accordingly, Plaintiff's claim for mental anguish is barred by 42 U.S.C. 1997e(e).

*Id.*, 2006 WL 118284, *4.

Earlier this year, in *Herron v. Fockler*, 2009 WL 395858 (W.D. Mich. 2009), another sister district court found that the Plaintiff, who had been subject to verbal harassment, had failed to state a cognizable Section 1983 claim. The District Court then

14

added,

> Further, Plaintiff's claim for emotional injuries is barred by 42 U.S.C. § 1997e(e), which precludes any claim by a prisoner "for mental or emotional injury suffered while in custody without a prior showing of physical injury."

*Id.* at *3.

The Court concludes that the compensation sought in this lawsuit is barred by federal law. Moreover, a statute not mentioned by the Defendant, 28 U.S.C. § 1346(b)(2), reinforces this Court's conclusion that Congress can and has limited recovery for this Plaintiff's emotional injuries. In *Cassidy v. Indiana Dept. of Corrections*, 199 F.3d 374, 376 (7th Cir. 2000), the appellate court examined the "similar language" in 42 U.S.C. § 1997e(e) and 28 U.S.C. § 1346(b)(2). Both unambiguously preclude bringing a civil action "for mental or emotional injury suffered while in custody without a prior showing of physical injury."[3]

---

[3] 42 U.S.C. § 1997e. *Suits by prisoners*, provides as follows:
. . . .
(e) Limitation on recovery

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, *for mental or emotional injury suffered while in custody without a prior showing of physical injury.*

42 U.S.C.A. § 1997e(e). The italicized language is identical to a statute specifically providing for cases in which the United States is a defendant:

> No person convicted of a felony who is incarcerated while awaiting sentencing or while serving a sentence may bring a civil action against the United States or an agency, officer, or employee of the Government, *for*

While the Court agrees with the Defendant that the *Adams* case is similar to the instant facts, there is another case which is closer still. In *Nickens v. United States*, 2006 WL 277013 (M.D.Pa. 2006), the prisoner-plaintiff was one of 140 prisoners who were "strip searched in front of numerous male guards and prisoners." After an initial private strip search and private visual search of Nickens, which did not turn up any contraband,

> approximately five (5) minutes later Defendant . . . ordered Nickens to undergo a second strip and visual body cavity search. This second search was conducted . . . in a corridor which had large windows and in the presence of various correctional staff and prisoners. Plaintiff contends that the search was unconstitutional because it was conducted in a severely degrading manner. He asserts that during the search Defendants Randy Homes and White laughed, made suggestive looks and funny noises. *Id.* at ¶ 14. Nickens was also told that women were walking past the window.[4]
>
> Following the search, the Plaintiff was purportedly required to stand in the corridor facing other prisoners who were also being required to undergo strip searches. The amended complaint maintains that during this period Nickens became ill because he had not eaten food when taking his insulin. Even though he had "gone to the floor," Defendant Mr. Holmes refused to call for assistance or offer any aid.

*Id.* at *1. The District Court granted summary judgment to the

---

> *mental or emotional injury suffered while in custody without a prior showing of physical injury.*

28 U.S.C.A. §1346(b)(2).

[4] A Defendant identified as Ms. Carpenter allegedly witnessed the search from her office which was apparently on the other side of the window.

16

United States. The *Bivens* claims were dismissed for the Plaintiff's failure to exhaust the BOP's administrative remedy procedures, as the *Bivens* claims herein have been dismissed. It also ruled that even if the administrative remedies had been exhausted, compensation would not have been available to the Plaintiff because there was no physical injury and compensation for emotional or mental injuries without a physical injury is barred by 42 U.S.C. § 1997e(e).

Further, in addition to the unexhausted *Bivens* claims, the plaintiff in *Nickens* had presented FTCA claims, which District Court found to be exhausted, as herein. With regard to those FTCA claims, under the tort law of the State in which the Court was sitting, Pennsylvania, Plaintiff had not carried his burden of showing the government's negligence for violating its duty of care under 18 U.S.C. § 4042.

Under Kentucky negligence law, this Plaintiff was required to allege and then prove the following four (4) elements: (1) a duty of care; (2) breach of that duty; (3) actual injury, and (4) the injury was proximately caused by the negligence. *Mullins v. Commonwealth Life Ins. Co.*, 839 S.W.2d 245 (Ky. 1997); *Ferguson v. United States Army*, 938 F.2d 55 (6th Cir. 1991) (citing *Deutsch v. Shein*, 597 S.W.2d 141, 143 (Ky. 1980)); *M&T Chemicals, Inc. v. Westrick*, 525 S.W.2d 740 (Ky. 1975). The Plaintiff herein has not even mentioned Section 4042 or otherwise tried to state a claim

17

with these components of a negligence claim under Kentucky law.

Finally, the *Nickens* Court found that to the extent that the Plaintiff's allegations of emotional distress could be construed as a claim of negligent infliction of emotional distress, he had also failed to state a claim, as Pennsylvania requires "some physical injury or impact."  The Court, therefore, dismissed the negligent strip search claim under the FTCA "pursuant to 28 U.S.C. § 1346(b)(2)."[5]  Kentucky law also requires "impact" for as a component of the tort of negligent infliction of emotional distress, and the instant Plaintiff, too, has not alleged any impact. *See Steel Technologies, Inc. v. Congleton*, 234 S.W.3d 920, 929 (Ky. 2007).

## CONCLUSION

This Court finds the *Nickens* Court's analysis persuasive and well founded in the law.  Also, its rationale and result are appropriate herein.  Additionally, by applying the same principles to the instant Complaint, this Court will rule consistent with the principles governing waivers of sovereign immunities generally. *See United States v. Nordic Village, Inc.*, 503 U.S. 30, 33 (1992) (As a waiver of sovereign immunity, the FTCA is strictly construed and all ambiguities are resolved in favor of the sovereign).  "[W]e should not take it upon ourselves to extend the waiver beyond that

---

[5] See footnote 2, *supra*, for a comparison of the language in 42 U.S.C. § 1997e(e) and 28 U.S.C. § 1346(b)(2).

which Congress intended. Neither, however, should we assume the authority to narrow the waiver that Congress intended." *United States v. Kubrick*, 404 U.S. 111, 117-18 (1979).

This Court finds that the United States has carried its burden as the Movant to show that the government is protected from liability, under federal law, for the injuries complained-of herein (*Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986)); and that Plaintiff has failed to carry her burden to come forward with "affirmative evidence to defeat a properly supported motion for summary judgment" (*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

The Plaintiff's broad reasoning that the guard should not be permitted to hide behind the protection of sovereign immunity has its appeal. However, Congress has decided to place compensation for mental or emotional injuries out of the reach of prisoner-plaintiffs, and the instant Plaintiff's arguments do not defeat the Defendant's well supported Motion for Summary Judgment. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Id.* That is exactly the circumstance in this case. Further, this Court has concluded that the Defendants are entitled to judgment as a matter of law. *Anderson v Liberty Lobby,*

19

*Inc.*, 477 U.S. at 247. For these reasons, the Defendant's Motion for Summary Judgment will be granted and this action dismissed.

Accordingly, the Court being advised, **IT IS HEREBY ORDERED** as follows:

(1) The Defendant's Motion for Summary Judgment [Record No. 9] is **GRANTED**.

(2) This action will be **DISMISSED** and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Defendants.

This the 2nd day of September, 2009.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge